# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARK MARTINOLICH, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-5376** |
| **NEW ORLEANS HEARST TELEVISION, INC.** | **SECTION "B" (3)** |

## REPORT AND RECOMMENDATION

Before the Court is the Motion for Sanctions [Doc. #101], filed by defendants New Orleans Hearst Television, Inc. and Travelers Property Casualty Company of America (collectively, "defendants"). On October 13, 2017, the District Court referred the motion to the undersigned. [Doc. #105]. The motion is opposed. [Doc. #102]. Having reviewed the pleadings and the case law, the Court rules as follows.

## I.      Background

The complaint alleges as follows. In February 2015, plaintiff Mark Martinolich was working in St. Bernard Parish when he fell into a hole and broke his ankle. Defendant New Orleans Hearst Television, Inc. owns the property on which the hole was located. Mark thus sues defendants under various theories, while his wife asserts claims for loss of consortium, society, companionship, and services.

The discovery process – and this lawsuit in general – has been convoluted from the start. Defendants now move to sanction plaintiffs for three discovery infractions, each of which this Court will address in turn.

## II.      Failure to Appear at Depositions

On August 4, 2017, defendants unilaterally noticed the updated depositions of plaintiffs to occur on August 28, 2017. Defendant noticed the updated deposition because – despite his extensive medical treatment after falling into a hole – plaintiffs had produced only a single, partial

medical record since the District Court last continued trail in March 2017. Defendants asked plaintiffs via e-mail to inform them if they were unavailable on that date. Plaintiffs failed to respond and did not file a motion for a protective order or a motion to quash the deposition. Defendants appeared for the deposition and held a process verbal, the transcript of which is attached to their motion. Citing Federal Rule of Civil Procedure 37(d), defendants ask the Court to sanction plaintiffs for their failure to appear at their properly-noticed deposition.

Plaintiffs contend that Rule 37(d) only applies when a party properly notices a deposition. Citing Rule 30(a)(2)(A)(ii), plaintiffs argue that the deposition was not properly noticed because defendants failed to seek leave of court to depose Mark for the third time. Plaintiffs' counsel maintains that he called defense counsel early on the morning of August 28, 2017 to inform them that plaintiffs were unavailable. He apologized for the delay in informing them, but he also appeared at the process verbal, which was held at his office. At the process verbal, plaintiffs' counsel agreed to pay for the court reporter, which he has since done. Lastly, plaintiffs note that defendant failed to hold a Rule 37 conference before filing their motion.

Rule 37(d) – on which defendants rely – provides that "[t]he court where the action is pending may, on motion, order sanctions if . . . a party . . . fails, *after being served with proper notice*, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i) (emphasis added). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." *Id.* (d)(3). "Instead of or in addition to these sanctions, the Court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.*

In addition, however, Rule 37 provides that "[a] motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." *Id.* 37(d)(1)(B). Moreover, Rule 30 provides that "[a] party must obtain leave of court . . . if the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case . . . ." *Id.* 30(a)(2)(A)(ii).

Defendants failed to comply with both of these requirements. Because this was to be the third deposition of Mark Martinolich defendants needed leave of court to proceed. They sought no leave. And neither did they include a certificate with their motion that they held a Rule 37 conference in good faith to attempt to resolve these issues without court action. Indeed, while plaintiffs' response was certainly dilatory – and not casually excused by this Court – the exhibits to the pleadings reveal that plaintiffs have attempted to accommodate defendants with regard to a third deposition. Not only did they offer to pay the court reporter (which they did, as noted), but they "are available and willing to participate in depositions." [Doc. #101-2 at p. 5]. This, in and of itself, leads the Court to believe that had the parties attended a Rule 37 conference *in good faith*, this motion might have been unnecessary.

In *In re Presto*, the bankruptcy court held that "[i]f a party is going to accuse an opposing party of failing to comply with a Rule . . . then the moving party itself must comply with the relevant rule." 358 B.R. 290, 294 (Bankr. S.D. Tex. 2006). The *Presto* court also noted that the Fifth Circuit would appear to agree on compliance with Rule 37. *See id* at 294 n.1 ("The Fifth Circuit would seem to agree. *See, e.g., Greer v. Bramhall*, 77 Fed. Appx. 254, 255 (5th Cir. 2003) ("Greer's motion to compel did not contain the required certification that he had 'in good faith

3

conferred with the party failing to make the discovery.' Consequently, Greer was not prejudiced [by] the district court's failure to rule on the motion to compel prior to granting summary judgment to Bramhall.").'' Many courts have held similarly. *See, e.g., Anzures v. Prologis Tex. I, L.L.C.*, 300 F.R.D. 314 (W.D. Tex. 2012) (denying motion to compel and threating to deny future motions to compel for failure to comply with Rule 37); *In re Lentek Int'l*, Inc., Bankr. No. 6:03-bk-08035, 2006 WL 2787064 at *1 (Bankr. M.D. Fla. Sept. 12, 2006) (finding insufficient a certification that – after counsel conferred with opposing counsel and narrowed the issues, it was unclear that all the issues had been resolved – because it failed to indicate the discussion had conclusively ended in an impasse with an issue for the court to determine and denying motion to compel); *Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D. Miss. 2001) (finding that a certification that the movant conferred in good faith to obtain certain discovery responses was absent and that correspondence discussing the discovery at issue included with the motion did not satisfy the good-faith certification requirement and denying motion to compel). Because no discovery conference under Rule 37 was held in good faith before defendants filed this motion, and because the allegations reveal that the motion might have been entirely unnecessary had that happened, this Court will thus recommend denial of the motion on this issue.[1]

### III. Failure to Supplement Expert Reports

Before the first trial setting on October 17, 2016, plaintiffs provided expert reports from Relle Construction (Louis Relle, Jr, Lance Relle, and Lester Martin, Jr.) dated June 27, 2016; an expert report from Stephanie P. Chalfin, M.S., dated July 22, 2016; and an expert report from John W. Theriot, CPA, dated July 29, 2016. Defendants contend that plaintiffs did not provide

---

[1]     Because the Court denies the motion on this ground, it need not determine whether the deposition was properly noticed when defendants failed to obtain leave of Court to notice it in the first instance.

supplemental reports before the April 10, 2017 trial setting nor did they provide supplemental reports by the current deadline of August 11, 2017. Defendants maintain that despite two continuances and the passage of over one year since the original reports were authored, plaintiffs have never provided supplemental reports or information from their retained experts. Defendants ask the Court to dismiss the action given plaintiffs' failure to supplement.

Plaintiffs maintain simply that none of their experts has ever changed his or her opinion. Accordingly, they argue that no need to supplement arose.    Because plaintiffs allege under Rule 11 that their experts have not changed their opinion, it is axiomatic that no supplementation was necessary.    The Court will recommend denial of the motion on this ground as well.

## IV.    Failure to Adequately Disclose Evidence of Treating Physicians

The dispute here arises over what plaintiffs were required to produce under Rule 26 and when.    To start with the law, Rule 26 of the Federal Rules of Civil Procedure require a party "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Rule 26 categorizes these witnesses for purposes of disclosure requirements into those expert witnesses who are retained or specially employed to give expert testimony and those who are not retained or specially employed but may provide expert testimony. *See* Fed. R. Civ. P. 26(a)(2)(A),(C); Advisory Comm. Note 2010.

Experts retained by the party must provide an expert report pursuant to Rule 26(a)(2)(B). As to non-retained expert witnesses, prior to 2010 those witnesses (*e.g.*, treating physicians) were exempt from disclosure requirements under Rule 26(a)(2)(B), but under the "treating physician exception" were allowed to testify as to those facts related to the medical records and treatment.

*See Perdomo v. United States*, Civ. A. No. 11-2374, 2012 WL 2138106, at *1 (E.D. La. June 11, 2012); *Morgan v. Chet Morrison Contractors, Inc.*, Civ. A. No. 04-2766, 2008 WL 7602163, at *1 (E.D. La. July 8, 2008). A number of courts determined that a treating physician may offer testimony as a non-retained expert if the testimony is confined to those facts or data the physician learned during actual treatment of the plaintiff. *LaShip, L.L.C., v. Hayward Baker, Inc.*, 296 F.R.D. 475, 480 (E.D. La. 2013); *Perdomo*, 2012 WL 2138106, at *4; *Morgan*, 2008 WL 7602163, at *2; *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008). On the other hand, where testimony "consists of opinions based on 'scientific, technical, or other specialized knowledge' regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation," the testimony is rather that of an expert. *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757 n.2 (7th Cir. 2004) (citation omitted). For example, testimony as to causation or as to future medical treatment has been considered the province of expert testimony subject to the requirements of subsection (a)(2)(B). *Rea v. Wis. Coach Lines, Inc.*, Civ. A. No. 12-1252, 2014 WL 4981803, at * 2 (E.D. La. Oct. 3, 2014) (citations omitted). In addition, when physicians' testimony is prepared in anticipation of litigation by the attorney or relies on sources other than those utilized in treatment, courts have found that the treating physician acts more like an expert and must submit a report under Rule 26(a)(2)(B). *See e.g., Robert Parker v. NGM Insur. Co.*, No. 15-2123, 2016 WL 3198613, at *2 (E.D. La. June 9, 2016).

Since Congress amended Rule 26 in 2010, however, Rule 26(a)(2)(C) creates a separate requirement that expert witnesses who do not provide a written report, such as treating physicians, must submit a disclosure stating: (i) the subject matter on which the witness is expected to testify under Federal Rules of Evidence 702, 703, and 705; and (ii) the facts and opinions to which the

witness is expected to testify. The 2010 Advisory Committee Notes specifically address treating physicians, and have lead courts to the conclusion that any testimony not contained in medical records is more aptly considered expert testimony and subject to disclosure under Rule 26(a)(2)(C). *See Perdomo*, 2012 WL 2138106, at *1; *Boudreaux*, 2013 WL 3440027, at *3.

Failure to comply with the deadline for disclosure requirements results in "mandatory and automatic" exclusion under Federal Rule of Civil Procedure 37(c)(1), and the party is not allowed to use "that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." *See Red Dot Bldgs. v. Jacob Tech., Inc.*, Civ. A. No. 11-1142, 2012 WL 2061904, at *3 (E.D. La. June 7, 2012); *Lampe Berger USA, Inc. v. Scentier, Inc.*, Civ. A. No. 04-354, 2008 WL 3386716, at *2 (M.D. La. Aug. 8, 2008). Courts evaluate four factors to assess the nature of the omission in deciding whether to strike the testimony: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007).

Here, plaintiffs provided defendants with "Plaintiffs' Rule 26(c) Disclosures" on September 5, 2017. Defendants argue that plaintiffs should have produced Mark's medical records for those treating physicians who will testify to his ordinary course of treatment. With regard to those physicians who will testify to "injury causation, future medical treatment, or the results from other physicians' records," defendants contend that plaintiffs should have provided written reports under Rule 26(a)(2)(B). Citing each physician individually, defendants note the deficiencies related to plaintiffs' production.

Plaintiffs maintain that they have produced every medical record that they have obtained.

In their section on this issue in their brief, defendants did not challenge the timeliness of the disclosures, although in the previous section, they noted that the scheduling order required plaintiffs to produce expert reports no later than August 11, 2017. Plaintiffs note that that deadline required only the production of expert reports under Rule 26(a)(2)(B), *i.e.*, for those experts retained for use at trial. Plaintiffs maintain that all of the physicians that they have disclosed are Mark's treating physicians, *i.e.*, experts who do not need to produce a report, but who must be disclosed no later than 90 days before trial under Rule 26(a)(2)(D)(i) and who must provide an abstract of the facts and opinions to which each will testify. Because plaintiffs produced this information on September 5, 2017 – 90 days before the trial date of December 4, 2017 – they argue that they have complied with the rules. Citing each physician disputed by defendants, plaintiffs allege that defendants misconstrue their testimony.

"While the Fifth Circuit has not directly addressed this issue, other circuits have held someone may be a witness [subject to the lower standard] as to portions of his testimony and simultaneously deemed a retained or specially employed expert who is subject to [the higher standard] as to other portions." *LaShip*, 296 F.R.D. at 480. Therefore, if a treating physician offers expert opinions formed outside of the course of providing treatment, a written report pursuant to the higher standard must be submitted to the other parties. *See Mayers v. National R.R. Passenger Corp. (Amtrak)*, 619 F.3d 729, 734–35 (7th Cir. 2010) (holding that "a treating physician who is offered to provide expert testimony as to the cause of the plaintiffs injury, but who did not make that determination in the course of providing treatment . . . is required to submit an expert report . . . .").

Defendants' argument that treating physicians' testimony should be limited solely to the

scope of his personal knowledge has been addressed by this Court in *LaShip*. There, the Court, in

its final opinion, clarified that Rule 26(a)(2)(C) should not be construed as limiting the testimony

of those held to the lower standard strictly to their personal knowledge. *LaShip*, 296 F.R.D. at 480.

Instead, the Court held that witnesses subject to the lower standard may testify beyond their

personal knowledge, but must base their expert opinions on "facts or data obtained or observed in

the course of the sequence of events giving rise to the litigation." *Id.* Moreover, defendants'

interpretation of Rule 26 would render the lower standard set forth by Rule 26(a)(2)(C) useless. If

all treating physicians were confined to the parameters of Federal Rule of Evidence 701 as fact

witnesses, there would be no need for Rule 26(a)(2)(C), which expressly allows these experts to

present evidence under Evidence Rules 702, 703, and 705, rules which apply only to expert

witnesses. It would be incongruent to confine the testimony of a treating physician to that of a fact

witness when the evidence rules expressly allow treating physicians to present evidence as an

expert.

As long as the opinions and testimony of plaintiffs' treating physicians are derived from

information learned during the course and scope of plaintiffs' treatment, the physicians are

required only to produce an expert disclosure under the lower standard. However, if for some

reason, their opinions and testimony necessitate the use of information learned beyond the scope

of plaintiffs' treatment, an expert report in conformity with the higher standard of Rule 26(a)(2)(B)

must be provided. In conformity with this holding, plaintiffs' disclosure was timely if the treating

physicians will testify only to information learned during the course and scope of plaintiffs'

treatment.   Should they testify to the higher standard, their reports should have been due on

August 11, 2017 in accordance with the scheduling order, and all such evidence should be stricken

from use at trial.

And while the parties discuss the topics on which each physician will testify – with some citations to the record – this Court need not determine who is a treating physician and who is not or whether any individual physician will testify in accordance with the higher standard under Rule 26. That is better left to a proper motion in limine or even argument at trial when the physician actually testifies. This Court has no divining rod as to the ultimate testimony of any witness, even a physician. This Court need concern itself only with sanctions. And this Court finds that there is not enough information to warrant sanctions here.[2]

## V.     Conclusion

For the reasons outlined above,

**IT IS RECOMMENDED** that the Motion for Sanctions [Doc. #101] be GRANTED but only to the extent that any opinions and testimony from a physician – treating or otherwise –that necessitates the use of information learned beyond the scope of plaintiffs' treatment should be stricken as untimely and for failure to timely disclose their expert report in conformity with the higher standard under Rule 26(a)(2)(b). If, on the other hand, the opinions and testimony of plaintiffs' treating physicians are derived from information learned during the course and scope of plaintiffs' treatment, the physicians were required only to produce an expert disclosure under the lower standard, and such disclosure 90 days before trial was timely. In all other respects, it is recommended that the motion be denied.

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days

---

[2]     Because this Court has rejected all of defendants' arguments, it need not determine whether dismissal for continuous discovery abuses is necessary here.

after being served with a copy of this report.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.   *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 19th day of October, 2017.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**